PONDER, Judge.
Defendant, Douglas H. Creel, charged with and convicted of simple escape in violation of La.R.S. 14:110(A), was sentenced to serve five years at hard labor, the sentence to run consecutively with the sentence defendant was previously serving. Defendant appealed the conviction and filed two briefs, one prepared by defendant’s court-appointed attorney and the other prepared by the accused in proper person.
The attorney’s brief alleged only error patent on the face of the record. We find no such error.
In the second brief, defendant argues that he was denied compulsory process during his trial because he was not allowed to introduce evidence that an officer on duty at the jail, where defendant was in custody, accepted $900.00 and allowed him to leave the jail, instructing him not to return. In effect, defendant is urging that he did not escape, as defined in La.R.S. 14:110(A), because he was given permission to leave.
La.R.S. 14:110(A)(1) defines simple escape as follows:
“The intentional departure, ... of a person imprisoned, committed, or detained, from a place where such person is legally confined or from a designated area of a place where such person is legally confined....”
Even if defendant paid the officer to be released from custody, defendant’s departure from the jail was a simple escape as defined in the statute. Defendant departed from the jail, where he was legally confined, with complete awareness of his actions and with full knowledge that he had been sentenced to the Department of Corrections for five years at hard labor. The testimony taken at trial established that no one with proper authority had given defendant permission to leave the premises. Furthermore, a bribe to someone for assistance in leaving a place where a person is legally detained is not a defense to the crime of simple escape.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.